**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUSAN BOSS,<br><br>            Plaintiff,<br><br>v.<br><br>CENTENE CORPORATION; DOES 1 through 100, inclusive,<br><br>            Defendant. | Case No.: 3:20-cv-01841-BEN-KSC<br><br>**ORDER GRANTING IN PART JOINT MOTION FOR PLAINTIFF TO FILE FIRST AMENDED COMPLAINT AND DISMISS DEFENDANT CENTENE**<br><br>**[ECF No. 10]** |

**I.   INTRODUCTION**

Plaintiff Susan Boss ("Plaintiff") brings this discrimination and wrongful termination action against Defendant Centene Corporation ("Defendant"). ECF No. 10 at 2.

Before the Court is the Joint Motion of Plaintiff and Defendant to Allow Plaintiff to File a First Amended Complaint and Dismiss Defendant (the "Joint Motion"). ECF No. 10. After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS in part** the Joint Motion. Plaintiff will be granted leave to file the First Amended Complaint to name the new defendant. Upon the filing of the new complaint, Defendant will be dismissed *without prejudice* while the newly named defendant will have thirty (30) days from being served with the First Amended Complaint

to file a responsive pleading. Finally, absent a motion to amend the complaint or service upon the doe defendants within thirty (30) days of this order, all doe defendants will be dismissed from this case.

## II. BACKGROUND

### A. Statement of Facts

Plaintiff alleges that in July 2008, she began working for Defendant as a Nurse Practitioner Care Manager, receiving "exemplary performance evaluations" and earning a yearly salary of approximately $87,000.00. ECF No. 1-2 at 7, ¶¶ 12-13. Plaintiff alleges that approximately ten years later, she was terminated after taking short term, and then, long term disability due to knee injuries, which required full arthroplasties for both knees. *See id.* at 8-11.

On May 28, 2019, the Department of Fair Employment and Housing issued a Right-to-Sue Notice, permitting Plaintiff to file a civil action under the provisions of California's Fair Employment and Housing Act ("FEHA") against Defendant. ECF No. 1-2 at 7, ¶ 11.

### B. Procedural History

On May 26, 2020, Plaintiff filed a complaint in the San Diego Superior Court alleging causes of action for (1) disability discrimination in violation of FEHA; (2) failure to accommodate; (3) failure to engage in the interactive process in violation of FEHA; (4) retaliation in violation of FEHA; and (5) wrongful termination in violation of public policy. ECF No. 1-2. On September 18, 2020, Defendant filed a Notice of Removal and Answer. ECF Nos. 1, 2.

On December 3, 2020, Plaintiff and Defendant filed a Joint Motion for Plaintiff to File a First Amended Complaint and Dismiss Defendant. ECF No. 10.

## III. LEGAL STANDARD

If more than twenty-one (21) days has passed since a defendant has filed a responsive pleading, a plaintiff may only amend the complaint with (1) the opposing party's written consent or (2) leave of the Court. FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*

"Unless the court orders otherwise, any required response to an amended pleading must be made within [later of either] the time remaining to respond to the original pleading or . . . 14 days after service of the amended pleading." FED. R. CIV. P. 15(a)(3).

## IV.   DISCUSSION

The Parties allege on September 18, 2020, when Defendant removed this action to the Southern District, Defendant had also confirmed that Health Net Federal Services, LLC ("HNFS, LLC"), and not Defendant, was Plaintiff's actual employer at all times relevant to this lawsuit.  ECF No. 10 at 2:9-13.  In the Joint Motion, the Parties seek to (1) allow Plaintiff to file a First Amended Complaint, naming HNFS, LLC to this lawsuit; (2) dismiss Defendant *without prejudice*; and (3) have HNFS, LLC file a responsive pleading twenty-one (21) days from the date of the filing of the FAC.  *Id.* at 2:10-3:4.

The Court finds good cause for granting these requests with the exception that granting HNFS, LLC twenty-one (21) days from the *filing* of the First Amended Complaint seems unreasonable given Plaintiff will need to serve HNFS, LLC.  Thus, the Court finds it more appropriate to grant HNFS, LLC, a new party to this case, twenty-one (21) days from being *served* with the First Amended Complaint to file a responsive pleading.

Finally, the Court notes that Plaintiff has named doe defendants in this case.  The Federal Rules of Civil Procedure (the "FRCP") neither authorize nor prohibit the use of fictitious parties; however, FRCP 10 does require a plaintiff to include the names of all parties in his complaint. *See Keavney v. Cty. of San Diego*, No. 319CV01947AJBBGS, 2020 WL 4192286, at *4-5 (S.D. Cal. Jul. 21, 2020) (Battaglia, J.) (citing FED. R. CIV. P. 10(a)).  Plaintiff's Complaint includes allegations against Does 1 through 100.  Naming doe defendants further implicates Rule 4 of the FRCP requiring service of the complaint. *Id.* (noting that "it is effectively impossible for the United States Marshal or deputy marshal to fulfill his or her duty to serve an unnamed defendant"); *Finefeuiaki v. Maui Cmty. Corr. Ctr. Staff & Affiliates*, 2018 WL 3580764, at *6 (D. Haw. July 25, 2018) (same).  "A plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe

3, and so on, but he must allege specific facts showing how each particular doe defendant violated his rights." *Keavney*, 2020 WL 4192286 at *4-5. Where a "[p]laintiff fails to link any particular . . . violation to any specific, individual . . . actor," or seeks "to even minimally explain how any of the unidentified parties he seeks to sue personally caused a violation of his . . . rights," the court must dismiss those individuals, especially when they have not been served. *See, e.g.*, FED. R. CIV. P. 4(m) (providing that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."); *see also* S.D. Cal. Civ. R. 41.1(a); *Keavney*, 2020 WL 4192286 at *4-5 (dismissing the plaintiff's first amended complaint). Thus, all doe defendants will be dismissed *without prejudice* for want of prosecution pursuant to Rule 4(m) if they are not served within thirty (30) days. Should Plaintiff need to add additional defendants, Plaintiff may seek leave of Court as Plaintiff has done with the instant motion before the Court.

## V.   CONCLUSION

For the above reasons, the Court **GRANTS in part** the Parties' Joint Motion as follows:

1. Plaintiff's request for leave to file the First Amended Complaint is granted.

2. Upon the filing of the First Amended Complaint on the docket, Defendant Centene Corporation shall be dismissed from this case *without prejudice*.

3. Defendant HNFC, LLC shall have twenty-one (21) days from *being served* with the First Amended Complaint to file a responsive pleading.

4. Absent a motion to amend the complaint or service upon the doe defendants within thirty (30) days of this order, all doe defendants will be dismissed from this case.

**IT IS SO ORDERED.**

DATED:   December 15, 2020

**HON. ROGER T. BENITEZ**
United States District Judge